HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEKO SERVICES, INC.,

    Plaintiff,

v.

CHEMTRACK ALASKA, INC.,

    Defendant.

Case No. 2:18-cv-01587-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on ChemTrack Alaska, Inc.'s motions to modify the scheduling order deadline and for leave to file a third-party complaint. Dkt. ## 24, 26. For the reasons below, the motion to modify the scheduling order is **DENIED** and the Court **STRIKES** as moot the motion seeking leave to file a third-party complaint.

## II. BACKGROUND

This case involves a time charter between Heko Services, Inc. ("Heko") and ChemTrack Alaska, Inc. ("ChemTrack"). Dkt. # 1. ChemTrack moves to modify the Court's scheduling order to file a third-party complaint against L&M Equipment, Inc. ("L&M"). L&M was responsible for supplying and building a containment perimeter around the soil loaded onto Heko's barge and subsequently loss during transport.

ChemTrack claims that although it was aware L&M failed to deliver the promised containers, and that various witnesses identified the height of the containers as one of many

ORDER – 1

possible causes of the loss, it was not obvious that Heko was focusing intently on the container height as a cause of the loss until Heko filed its motion for summary judgment in mid-September.

## III. DISCUSSION

The standard of review for amending a Rule 16 scheduling order must be applied in the Court's decision. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992). Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, that rule's standards controls. *Id.* Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. While the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. *Id.*

The Court scheduling order, issued on December 27, 2018, gave a deadline for joining parties of February 28, 2019. Dkt. # 12. ChemTrack claims, however, that it was unaware of sufficient facts to bring a claim against L&M until recently. Dkt. # 31 at 2. The Court disagrees. The complaint, which was filed on October 30, 2018, states that "ChemTrack owed Heko the duty to reasonably load the barge in Naknek, Alaska" and that "ChemTrack breached this duty by loading the barge in an unreasonable manner." Dkt. # 1, ¶¶ 42, 43. It is undisputed ChemTrack contracted with L&M to prepare the containment of soil on the barge and this fact was known at the time the complaint was filed. Tellingly, ChemTrack's initial disclosures state that L&M "negotiated the draft Time Charter with Heko and has knowledge of the Time Charter negotiations, the loading of the Barge, the reloading in Sand Point, and the Containers transported on the Barge." Dkt. # 30-1. The Ninth Circuit has made clear that motions seeking leave to amend pleadings "are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

ORDER – 2

ChemTrack avers that, "[t]here are many dynamics involved in the decision to bring a third party complaint, such as costs and fees, evaluation of the likelihood of success of the plaintiff's claim, evaluation of the likelihood of success of the third party claim, evaluation of jurisdictional issues, evaluation of the likelihood of success of the motions necessary to add the third party, and consultations with clients." Dkt. # 24 at 7. While that may be, the time for this assessment is not two months before trial. Failing to heed signals that not all the necessary parties may not have been named in the complaint does not constitute diligence. *Johnson*, 975 F.2d at 610. In short, ChemTrack fails to establish "good cause" for modifying the pretrial scheduling order. Accordingly, the Court denies the motion and strikes as moot the motion seeking leave to file a third-party complaint.

## IV. CONCLUSION

For the reasons above, the motion to modify the scheduling order is **DENIED** and the Court **STRIKES** as moot the motion seeking leave to file a third-party complaint. Dkt. ## 24, 26.

DATED this 14th day of November, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3